IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff-Respondent,  ) | |
| ) | |
| v.  ) | Case No. CR-02-19-L |
| ) | CIV-04-1190-L |
| LEONARD LEROY WOODS,  ) | |
| ) | |
| Defendant-Movant.  ) | |

**O R D E R**

On February 6, 2002, a multi-count indictment was filed in this case against the defendant-movant Leonard Leroy Woods ("defendant"). Count 1 of the indictment charged defendant with conspiracy in violation of 18 U.S.C. § 371. Counts 2 through 9 charged defendant with mail theft and aiding and abetting in violation of 18 U.S.C. § 1708 and 18 U.S.C. § 2.  Counts 10 through 13 charged defendant with bank fraud and aiding and abetting in violation of 18 U.S.C. § 1344(1) and 18 U.S.C. § 2.  On May 22, 2002, defendant entered his plea of guilty to a one-count Superseding Information which alleged mail theft in violation of 18 U.S.C. § 1708.  Pursuant to a plea agreement, the counts of the Indictment were to be dismissed at the time of sentencing.

The plea agreement contained a waiver of defendant's right to appeal or collaterally challenge his conviction, with certain limited exceptions.  Specifically,

paragraph 8 of the plea agreement [Doc. No. 61], entitled "Waiver of Right to Appeal and Bring Collateral Challenge", provides:

> Defendant understands that a sentencing guideline range for his case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission.  Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty.  Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, gives him the right to appeal the judgment and sentence imposed by the Court.  Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to appeal or collaterally challenge:
> a.  Defendant's guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues.
> b.  Defendant's sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case, even if the Court rejects one or more of the positions of the United States or the defendant set forth in paragraph 7 concerning the application of the U.S. Sentencing Guidelines.
> c.  It is provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cased decided after the date of this agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect.

On October 8, 2002, defendant was sentenced to a term of 57 months imprisonment to be followed by a three year term of supervised release.

Defendant was ordered to pay restitution in the amount of $23,133.86.  Despite defendant's waiver of his appeal rights, he filed a Notice of Appeal in the United States Court of Appeals for the Tenth Circuit on October 16, 2002.  By order dated April 3, 2003 and filed in this court on April 25, 2003 [Doc. No. 115], the Tenth Circuit dismissed defendant's appeal based on defendant's valid waiver of appellate rights contained in the plea agreement.  Defendant's petition for writ of certiorari was denied by the Supreme Court on October 6, 2003.

On September 21, 2004, defendant filed the present *pro se* Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 119].  In addition, on October 15, 2004, defendant filed a "Motion to Preserve 'Blakely' Argument" [Doc. No. 123]. The government filed its response to the § 2255 petition which the court has carefully considered. The court has also considered defendant's reply to the government's response. Based on this review, and upon consideration of the entire case file in this matter, the court concludes that defendant is not entitled to relief.  The court also determines that the record is sufficiently developed such that an evidentiary hearing on defendant's motion is not required.  United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).

First, the court addresses the effect of the plea agreement's waiver provision on defendant's attempt to collaterally challenge his conviction.  The Tenth Circuit has held that a defendant's waiver of collateral attack rights

contained in a plea agreement is enforceable if the defendant has agreed to its terms knowingly and voluntarily.  United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001).  The waiver of rights under 28 U.S.C. § 2255 contained in a plea agreement is enforceable when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver.  Id. at 1187.

The Tenth Circuit has adopted a three pronged analysis for the court to use in evaluating the enforceability of a waiver of § 2255 rights in a plea agreement. United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004).  Under the Hahn analysis, the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  Id., 359 F.3d at 1325.

The court is thoroughly familiar with the proceedings, having presided over all aspects of this case including defendant's change of plea hearing and sentencing.  The court finds that the scope of the waiver in defendant's plea agreement unambiguously includes the right to collaterally attack by way of a § 2255 motion any matter in connection with his guilty plea and sentencing.  This includes the arguments defendant attempts to raise in the present motion.  The record clearly reveals that defendant understood the nature of his waiver and voluntarily accepted its provisions with full knowledge of the consequences of such a waiver.  Defendant's argument that the plea agreement was "ambiguous"

regarding restitution is flatly contradicted by the record.  As noted by the government, the plea agreement clearly states, in paragraph 4, that although defendant is "agreeing to enter a plea as to only one check and one victim" the "parties further agree that, as part of the sentence resulting from defendant's plea, the Court may enter an order of restitution for losses caused to all victims by defendant's relevant conduct. . . ".  There is no ambiguity in this language, which was expressly agreed to by defendant.  The transcript of the change of plea hearing confirms defendant's understanding of the plea agreement.

In further considering whether defendant's § 2225 motion challenges the validity of the plea or the waiver, the court notes that defendant does not even attempt to argue that his counsel was ineffective in connection with the negotiation of the plea agreement.  Because defendant has not challenged the validity of the plea agreement or the waiver and has not alleged that he received ineffective assistance of counsel in conjunction with the negotiation of the waiver language, the court finds that defendant has waived the right to bring this collateral challenge to his sentence.  In considering all the circumstances surrounding the waiver, the court concludes that enforcing the waiver would not result in a miscarriage of justice.  Thus, on the basis of the valid waiver contained in defendant's plea agreement, defendant's present collateral attack is barred and his § 2255 motion clearly should be and is hereby denied.

As a result, the court need not consider the substantive arguments put forth by defendant. However, even if the court were to consider the arguments, they would be deficient and would not support a claim for relief. The evidence fully supports the sentencing enhancement based on defendant's role in the offense. The evidence also supports the amount of the restitution order imposed by the court.

Defendant's "Motion to Preserve 'Blakely' Argument" is also without merit and must be denied. Defendant's sentence was final prior to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). The Tenth Circuit has expressly held that Blakely does not apply retroactively to an initial § 2255 motion such as this one. *See* United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005). Blakely has no application to defendant's sentence.

In summary, defendant's plea agreement contains a valid waiver of defendant's ability to collaterally challenge his sentence. Defendant's present challenge does not fit into any of the recognized exceptions contained in the waiver. Defendant's present claims are insufficient to invalidate the waiver contained in his plea agreement. The record clearly demonstrates that defendant knowingly and voluntarily entered into the plea agreement, including the waiver provision. Enforcement of the valid waiver will not result in a miscarriage of justice. Notwithstanding the valid waiver, the court has considered defendant's arguments on the merits and finds them without merit. Accordingly, defendant's

Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. No. 119]** should be and is hereby **DENIED.** Defendant's Motion to Preserve "Blakely" Argument **[Doc. No. 123]** is also **DENIED**, all as more fully set forth above.  In light of this order, defendant's Motion to Expedite Opinion **[Doc. No. 126]** is **moot.**

It is so ordered this 16th day of August, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge